**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000047**
**22-MAR-2024**
**07:53 AM**
**Dkt. 117 SO**

NO. CAAP-19-0000047

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FREDERICK T. CAVEN, JR., on behalf of himself and a class of
similarly situated persons, Plaintiff-Appellant,
v.
CERTIFIED MANAGEMENT, INC., dba ASSOCIA HAWAII,
Defendant-Appellee, and JOHN DOES 1-10, JANE DOES 1-10,
DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT
ORGANIZATIONS 1-10, AND DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161001778)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Plaintiff-Appellant Frederick T. Caven, Jr. (**Caven**)
appeals from the Final Judgment entered on December 26, 2018
(**Judgment**) by the Circuit Court of the First Circuit (**Circuit
Court**).[1]  Caven also challenges the following Circuit Court
orders:  Order Granting Defendant[-Appellee] Certified
Management, Inc., dba Associa Hawaii's [(**Associa's**)] Motion for
Partial Summary Judgment [(**MPSJ**)] on Count I of the First Amended
Complaint [(**FAC**)], filed on February 2, 2018 (**Order II**); Order

---

[1]     The Honorable James H. Ashford presided.

Granting [Associa's MPSJ] on Count I and Count II of the [FAC] as to All Claims Related to Form RR105c [(**RR105c**)] and Statements of Account [(**SOA**)], filed on July 19, 2018 (**Order IV**); and Order Granting [Associa's MPSJ] on Count I of the [FAC] as to the Claimed Prohibition Against Charging Fees for Association Documents Made Available Electronically for Download Through an Internet Site Filed July 5, 2018, filed on September 20, 2018 (**Order V**).

Caven raises four points of error on appeal, contending that the Circuit Court erred in finding that: (1) Hawaii Revised Statutes (**HRS**) Chapter 514B (**Chapter 514B**) did not apply to the certain Poipu Kai Association (**PKA**) documents Caven purchased from Associa because they were necessary for Caven to sell his condominium unit (**unit**); (2) Chapter 514B only applies to general association documents and not RR105c or the Regency at Poipu Kai Association of Apartment Owners (**Regency AOAO**) SOA; (3) HRS Chapter 421J (**Chapter 421J**) only applies to general association documents and not the PKA SOA; and (4) Associa, as a managing agent, is not required to provide RR105c and the Regency AOAO SOA for free under HRS § 514B-154.5(e) (2018).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Caven's points of error as follows:

Caven co-owned a condominium at Poipu Kai Resort (**Resort**) and was a member of both the PKA, a planned community association, and the Regency AOAO, a condominium association

(collectively, **Associations**). Associa is the managing agent for both Associations. Caven sold his condominium unit in 2016 and requested certain documents and an SOA from both Associations to aid in the closing of the sale of his unit. Associa charged him fees and, as a result, he filed this law suit.

(1) Caven argues that the Circuit Court erred in concluding that Chapter 421J exclusively governed Caven's purchase of the PKA documents and that Chapter 514B did not apply. Caven submits that because HRS § 514B-154.5 governs requests for information and disclosures related to the resale of condominium units, it does not conflict with Chapter 421J, and HRS § 514B-154.5 applies to the PKA documents.

First, as noted above, the PKA and the Regency AOAO are distinct entities: the PKA is a planned community association; the Regency AOAO is a condominium association. Planned community associations are subject to Chapter 421J, and condominium associations are subject to Chapter 514B. HRS § 421J-1 (2004), provides plainly, "[t]his chapter shall apply to all planned community associations. . ."; HRS § 514B-21 (2018) offers that "[t]his chapter applies to all condominiums created within this State."

Second, planned community associations and condominium associations provide different services. Here, the PKA "is responsible for operating and maintaining common property throughout the Resort," and the Regency AOAO "is responsible for operating and maintaining the common elements of the Regency condominiums." While the Associations' services may overlap,

they are nonetheless distinct:  the PKA is concerned with the entire Resort; the Regency AOAO is concerned with an individual condominium project.

Third, as stated in Order II, the terms "association" and "managing agent" used in HRS § 514B-154.5(a) make clear that those positions and entities refer solely to condominium projects.  "'Association' means the unit owners' association organized under section 514B-102."  HRS § 514B-3 (2018).  Only condominium associations are formed under HRS § 514B-102 (2018), and only Owners may be part of a condominium association.  See Sciotto v. Ass'n of Apartment Owners of Hanalei Bay Resort, No. 19-CV-00433-DKW-WRP, 2019 WL 7373026, *4 (D. Haw. Dec. 31, 2019) (Order) ("Hawaii statute provides that the members of the AOAO are 'all the unit owners.'") (citing HRS § 514B-102(b)).  "'Managing agent' means any person retained, as an independent contractor, for the purpose of managing the operation of the property."  HRS § 514B-3 (emphasis added).  "Property" relates only to those structures or rights "for use in connection with the condominium."  Id. (emphasis added).

Fourth, while Caven notes that under HRS § 514B-154.5(a)(1) the managing agent shall disclose "[a]ll financial and other records sufficiently detailed in order to comply with requests for information and disclosures related to the resale of units," § 514B-154.5(a) nevertheless limits all disclosures to condominium-association-specific records.  HRS § 514B-154.5(a) provides that all records "whether maintained, kept, or required to be provided pursuant to this section or section 514B-152,

4

514B-153, or 514B-154," shall be disclosed "by the managing agent." Under HRS § 514B-154(d) (2018), "[t]he managing agent shall provide copies of association records maintained pursuant to this section and sections 514B-152 and 514B-153 to owners."

Further, "maintained pursuant to this section and sections 514B-152 and 514B-153" follows "association records." Under the canons of legislative interpretation, laws *in pari materia*, or upon the same subject matter, shall be construed with reference to each other. Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 450, 420 P.3d 370, 381 (2018) (citation, brackets and internal quotation marks omitted). Association records are those items specified under HRS §§ 514B-152, 514B-153, and 514B-154, which are maintained by the condominium association or managing agent of the condominium association and relate only to the condominium association. Those include, *inter alia*, "financial statements," and other like records, such as "invoices of the association . . . kept by the association," "financial and other records" kept by the association, and governance records "kept at the managing agent's office." HRS §§ 514B-152, 514B-153(a), and 514B-154(b). Here, the PKA's SOA is not kept by the Regency AOAO.

In sum, the disclosure obligations of a condominium's managing agent under Chapter 514B do not extend to the records of a planned community association. Caven's objection here was to having to pay for the records of the planned community association. We conclude that the Circuit Court did not err in

its Order II in concluding that Chapter 514B did not apply to the PKA SOA.

(2)   Caven argues that the Circuit Court erred in Order IV in concluding that RR105c and the Regency AOAO SOA do not fall under the purview of Chapter 514B.  Caven's main argument is that the inclusion of "information" in HRS § 514B-154.5(a)(1), requiring that managing agents disclose "[a]ll financial and other records sufficiently detailed in order to comply with requests for information and disclosures related to the resale of units," indicates that the disclosure obligation is not limited to pre-existing documents.  This argument has merit.

HRS § 514B-152 instructs condominium associations to "keep financial and other records" to "comply with requests for information and disclosures related to resale of units," and offer other financial records necessary for disclosures under HRS § 514B-154.5.  HRS § 514B-154.5(a) is not limited to what the condominium association keeps; instead, it provides that items "whether maintained, kept, or required to be provided pursuant to this section or section 514B-152 . . . shall be made available . . . by the managing agent."  HRS § 514B-154.5(a) is not limited to the disclosure of documents but also "records[] and information."  Thus, disclosures are not limited to pre-existing documents.

An RR105c lists the general common elements of the condominium, but it is not a document that is generated or maintained by Associa or the Regency AOAO in the first instance. It is a form from the Hawaii Realtors Association that is filled

out by the managing agent with information kept by the managing agent. Chapter 514B does not specifically require the disclosure of the common elements of a condominium, although it does require disclosure of, *inter alia*, detailed records of receipts and expenditures affecting the common elements. See HRS § 514B-154.5(a)(3). However, to sell his Unit, Caven was required to provide the buyer a completed RR105c, and thus Caven requested an RR105c from the Regency AOAO. Chapter 514B requires that condominium associations provide documents, records, and information sufficient "to comply with requests for information and disclosures related to the resale of units." HRS § 514B-154.5(a)(1). As the information provided in the RR105c was required for the resale of Caven's unit, Associa had a duty to provide it, regardless of whether the Regency AOAO kept or maintained it in that form so long as Caven agreed to pay "for the reasonable cost of providing the information." See HRS § 514B-105(d).

An SOA states outstanding charges owed by a unit owner to the respective condominium association. Here, the Regency AOAO SOA was required to consummate the sale of Caven's unit. As noted above, HRS § 514B-154.5(a) does not limit the managing agent's disclosure requirements to documents kept by the condominium association, but includes "documents, records, and information . . . required to be provided," which includes items necessary "to comply with requests for information and disclosures related to the resale of units," and the "invoices of the association." HRS § 514B-154.5(a)(1) and (10). Associa was

7

required to provide the Regency AOAO SOA as long as Caven agreed to pay "for the reasonable cost of providing the information." See HRS § 514B-105(d). The Circuit Court erred in Order IV in concluding otherwise.

(3) Caven argues that the Circuit Court erred in concluding that Chapter 421J only required Associa to provide association documents on behalf of PKA and not a PKA SOA.

Unlike HRS § 514B-154.5(a)'s mandate to disclose invoices, "whether maintained, kept, or required to be provided," HRS § 421J-7(c) (Supp. 2022) merely provides that for invoices "kept by the association," "[c]opies of these documents" must be disclosed. Thus, HRS § 421J-7(c) mandates the disclosure of invoices, and not the generation of a PKA SOA. We conclude that the Circuit Court did not err in its Order IV in concluding that the PKA SOA was not required to be provided free of charge pursuant to HRS chapter 421J.

(4) Caven argues that because Associa provided the Regency AOAO SOA and RR105c electronically for download, pursuant to HRS § 514B-154.5(e), they should have been provided to him for free. This argument has merit. HRS § 514B-154.5 provides, in relevant part:

> **§ 514B-154.5  Association documents to be provided.**
> (a)  Notwithstanding any other provision in the declaration, bylaws, or house rules, if any, the following documents, records, and information, whether maintained, kept, or required to be provided pursuant to this section or section 514B-152, 514B-153, or 514B-154, shall be made available to any unit owner and the owner's authorized agents by the managing agent, resident manager, board through a board member, or the association's representative[.]
>
> . . . .
>
> (e)  An association may comply with this section or section 514B-152, 514B-153, or 514B-154 by making the

required documents, records, and information available to unit owners or owners' authorized agents for download through an internet site, at the option of each unit owner or owner's authorized agent and at no cost to the unit owner or owner's authorized agent.

(f) Any fee charged to a unit owner or owner's authorized agent to obtain copies of the association's documents, records, and information, whether maintained, kept, or required to be provided pursuant to this section or section 514B-152, 514B-153, or 514B-154, shall be reasonable; provided that a reasonable fee shall include administrative and duplicating costs and shall not exceed $1 per page, or portion thereof, except that the fee for pages exceeding eight and one-half inches by fourteen inches may exceed $1 per page.

The statute provides that a condominium association can provide required documents by way of a download through an internet site – free of charge – or a condominium association can otherwise provide required documents – subject to a reasonable fee for administrative and duplicating costs. We decline to adopt the Circuit Court's distinction of whether the managing agent of the association or the association provided the required documents by way of a download through an internet site. Under this statutory scheme, documents provided by way of a download through an internet site are provided free of charge. Accordingly, we conclude that the Circuit Court erred in Order V.

For these reasons, the Circuit Court's December 26, 2018 Judgment is affirmed in part and vacated in part. Order II is affirmed, Order IV is affirmed in part and vacated in part, and V is vacated. This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, March 22, 2024.

On the briefs:

Margery S. Bronster,
Robert M. Hatch,
Kelly A. Higa,
(Bronster Fujichaku Robbins),
for Plaintiff-Appellant.

David M. Louie,
Nicholas R. Monlux,
(Kobayashi Sugita & Goda, LLP),
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judgment

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge